F. CARRERA & HERMANO, PETICIONARIA, *v.* FOOTE, JUEZ DE
DISTRITO, DEMANDADO.

SOLICITUD para que se expida un auto de *certiorari* al Juez
de la Corte de Distrito de Mayagüez, en pleito de tercería
sobre bienes muebles.

No. 239.—Resuelto en diciembre 12, 1918.

APELACIONES PROCEDENTES DE LAS CORTES MUNICIPALES—CORRECCIÓN DE AUTOS—
DISCRECIÓN JUDICIAL.—La circunstancia de no haber sido certificada una
transcripción de autos radicada en tiempo, más que por el demandante-ape-
lante y por una de las dos partes demandadas-apeladas, en el procedimiento
regulado por la ley No. 13 de noviembre 14, 1917, constituye un defecto que
puede ser subsanado, aún después de transcurrido el término para radicar
la transcripción, con permiso de la corte, cuya concesión se regula por la
sana discreción judicial.

Los hechos están expresados en la opinión.

Abogado del peticionario: Sr. *Angel A. Vázquez.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

El presente es un recurso de *certiorari* interpuesto por
F. Carrera y Hermano para la revisión de los procedimientos
seguidos en la Corte de Distrito de Mayagüez con motivo de
apelación interpuesta por José Surís Cardona, contra sen-
tencia dictada por la corte municipal de dicha ciudad en
pleito de tercería sobre bienes muebles.

Librado el mandamiento para que se elevaran a esta
Corte Suprema los autos que habían de ser revisados, se
hizo la remisión, y de esos autos y de la petición de *certiorari*
resultan los siguientes hechos:

José Surís Cardona siguió ante la Corte Municipal de
Mayagüez un pleito sobre tercería de bienes muebles contra
F. Carrera y Hermano y Juan Surís Cardona, y habiendo
recaído sentencia desestimando la demanda estableció ape-
lación el tercerista, la que fué notificada a ambos deman-
dados. La transcripción de autos fué radicada en la Corte
de Distrito de Mayagüez dentro del término legal pero cer-
tificada únicamente por el abogado del demandante ter-

cerista y el abogado de la demandada F. Carrera y Hermano. El otro demandado Juan Surís Cardona no había comparecido al juicio. La sociedad F. Carrera y Hermano presentó moción solicitando fuera desestimada la apelación por el fundamento de no haber sido certificada la transcripción por el demandado Juan Surís Cardona o por su abogado, y al ser discutida dicha moción solicitó la representación del tercerista José Surís Cardona, que en el caso de que la corte entendiera que la transcripción de autos debía estar certificada también por el demandado Juan Surís Cardona se le permitiera presentar la conformidad de éste con dicha transcripción, habiendo resuelto la corte por orden de 28 de octubre de 1918, desestimar la moción de F. Carrera y Hermano y conceder al demandante apelante cinco días para que radicara en secretaría la conformidad del demandado Juan Surís Cardona con la transcripción expresada al objeto de que la misma quedara completa para los efectos del recurso. El demandado Juan Surís Cardona por nota marginal estampada con su firma en la transcripción de autos, expresó su conformidad con ella en 1º. de noviembre de 1918.

Alega el peticionario que la resolución dictada por la Corte de Distrito de Mayagüez en 28 de octubre de 1918, infringe abiertamente la Ley No. 13 de 14 de noviembre de 1917 enmendatoria de la sección 1ª. de la ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, aprobada en marzo 11, 1908, pues con dicha orden la corte de Mayagüez traspasó los límites de su jurisdicción concediendo a la parte apelante un remedio no previsto por la ley y extendiendo un plazo ya vencido para registrar la conformidad del apelado Juan Surís Cardona con la transcripción ya radicada por el apelante.

Sin que entremos a discutir si Juan Surís Cardona es o no parte necesaria en el recurso, toda vez que tal cuestión no ha sido levantada por las partes, entendemos que la transcripción de autos fué radicada dentro del término prevenido por la ley y que el hecho de no estar certificada por uno de

los demandados o sea Juan Surís Cardona, constituía un de-
fecto que podía ser subsanado con permiso de la autoridad
judicial como en efecto lo fué. Y la corte, no carecía de
jurisdicción para conceder ese permiso, cuya concesión sólo
podría ser regulada por la sana discreción judicial, de la que
no aparece abusara el juez, teniendo en cuenta las circuns-
tancias del caso. Esas mismas circunstancias nos inclina-
rían a no hacer uso de nuestra discreción judicial para conce-
der el remedio de *certiorari* solicitado, que como hemos dicho
repetidas veces no es de procedencia obligatoria sino que debe
expedirse sólo cuando se demuestre a la corte una causa
especial para ello.

Es de anularse el auto de *certiorari* expedido, devolvién-
dose los autos originales a la corte inferior a los fines pro-
cedentes.

> *Anulado el auto de* certiorari *expedido y de-*
> *vueltos los autos originales a la corte infe-*
> *rior.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Al-
drey y Hutchison.